IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SEAN E. McDONALD,**

    **Plaintiff,**

    v.                                                                          CASE NO. 21-3060-SAC

**HAZEL M. PETERSON, et al.,**

    **Defendants.**

**ORDER**

Plaintiff proceeds *pro se* and *in forma pauperis* in this prisoner civil rights action. Plaintiff is incarcerated at the Norton Correctional Facility in Hutchinson, Kansas ("NCF"). This matter is before the Court on Plaintiff's Motion for Injunction (ECF No. 2) and Motion for Temporary Restraining Order (ECF No. 4).

Plaintiff seeks an order requiring the defendants to mail out a letter Plaintiff prepared to the Director of the Kansas Bureau of Investigation complaining about care he received while infected with COVID-19. He further seeks an order prohibiting prison officials from transferring him to a different facility, allegedly in retaliation for filing this lawsuit.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).

Plaintiff has failed to show the likelihood that he will suffer irreparable harm in the absence of a preliminary injunction. "To constitute irreparable harm, an injury must be certain, great, actual

and not theoretical.  Irreparable harm is not harm that is merely serious or substantial.  The party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm."  *Heiderman v. South Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotations and citations omitted).  The letter Plaintiff wishes to mail relates to past conduct, not to his ongoing medical care such that harm could be imminent, and he has not explained how he will be irreparably harmed by being transferred.  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Furthermore, as to the prospective transfer, the Court must "consider the well-established law to the effect that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively.  Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances."  *Escobar v. Reid,* 2008 WL 4877009, *3 (D. Colo. Nov. 12, 2008) (citations omitted).  Plaintiff has not demonstrated exceptional circumstances.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Because preliminary injunctions and TROs are drastic remedies — "the exception rather than the rule — plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011)

(citations omitted).  The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction or temporary restraining order is warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Injunction (ECF No. 2) and Motion for Temporary Restraining Order (ECF No. 4) are **denied.**

**IT IS SO ORDERED**.

**Dated March 10, 2021, in Topeka, Kansas.**

**s/ Sam A. Crow**
**SAM A. CROW**
**Senior U. S. District Judge**