# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SEAN E. McDONALD,**

    **Plaintiff,**

    v.                                                  CASE NO. 21-3060-SAC

**HAZEL M. PETERSON, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff Sean E. McDonald, a state prisoner currently being held at the Hutchinson Correctional Facility in Hutchinson, Kansas, brings this *pro se* civil rights action under 42 U.S.C § 1983. He proceeds *in forma pauperis*.

    Mr. McDonald's Complaint (ECF No. 1) alleges that his constitutional rights were violated when officials of the Norton Correctional Facility (NCF) refused to mail a letter he had written to the Director of the Kansas Bureau of Investigation asking for an investigation into medical treatment he received at Lansing Correctional Facility. Plaintiff gave an account withdrawal form with the letter attached to Unit Team Dugan on February 17, 2021. Plaintiff received the letter back on February 23, 2021 with SAS Ewing's signature saying the letter was not legal or official mail. Plaintiff resubmitted the request and letter to Ewing, who again refused to mail the letter. Plaintiff then filed an emergency grievance with Deputy Warden Collins. She said the grievance was not an emergency.

    Plaintiff names as defendants Hazel Peterson, Warden of NCF; Sara Beth Collins, Deputy Warden; and Jedediah Ewing, EAI Supervisor at NCF. Mr. McDonald seeks relief in the form of punitive damages of $100,000 and his costs, as well as injunctive relief.

The regulation of prisoners' mail by prison officials is typically "an administrative matter in which the courts will not intervene." *United States v. Gordon,* 168 F.3d 1222, 1228 (10th Cir. 1999). However, there is a "narrow exception to this general rule" that affords constitutional protection to correspondence between a prisoner and "his attorney, or the courts, or appropriate state officials concerning either the legality of his conviction or the conditions of his incarceration." *LeVier v. Woodson,* 443 F.2d 360, 361 (10th Cir. 1971). "[C]orrespondence from a state prisoner to an appropriate state official complaining about prison conditions is 'sui generis in both logic and the case law' and accordingly is constitutionally protected." *Id.*

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of NCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of NCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that:

(1) The Clerk of Court shall serve Defendants under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendant shall have an additional **sixty (60) days** to answer or otherwise respond to the Complaint.

(3) Officials responsible for the operation of NCF are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of NCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**IT IS SO ORDERED**.

**Dated September 3, 2021, in Topeka, Kansas.**

                                        **s/ Sam A. Crow**
                                        **SAM A. CROW**
                                        **Senior U. S. District Judge**